**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Amy Ahl,<br><br>      Debtor.<br>_____<br>Bank of America, N.A.,<br><br>      Appellant,<br><br>vs.<br><br>Ilene J. Lashinsky, United States Trustee, Region 14,<br><br>      Appellee.<br>_____ | No. CV-11-2282-PHX-GMS<br><br>Case No. 02:11-BK-08539-SSC<br><br>**ORDER** |

Pending before the Court are Appellant's Motion for Leave to Appeal (Doc. 1) and Appellee's Motion to Suspend Briefing Schedule (Doc. 6). For the reasons discussed below, Appellant's motion for leave to appeal is granted in part and denied in part. Appellee's motion to suspend the briefing schedule is denied as moot.

**BACKGROUND**

On March 30, 2011, Debtor Amy Ahl filed for Chapter 13 bankruptcy in the District of Arizona Bankruptcy Court. On May 18, 2011, Bank of America, N.A., the Appellant in the instant action, submitted a proof of claim against Debtor asserting a second mortgage

1 security interest in Debtor's real property for $73,275.[1] On June 16, 2011, Appellee United States Trustee objected to Appellant's proof of claim, stating that Appellant had failed to provide evidence establishing its interest in Debtor's property or that such interest had been perfected, and asserting that Appellant's claim should be denied unless and until it presented the bankruptcy court with such evidence. (*See* Doc. 6-2 at 2). "The United States Trustee is the 'watchdog' of the bankruptcy system, charged with preventing fraud and abuse." *In re Castillo*, 297 F.3d 940, 950 (9th Cir. 2002). Her primary function is the "establishment, maintenance, and supervision of the panel of bankruptcy trustees." *Id.*

Upon filing her objection, the U.S. Trustee issued a subpoena and notice of deposition to the Bank pursuant to Federal Rule of Bankruptcy Procedure 7030.[2] In the subpoena, the U.S. Trustee not only requested copies of various documents relating to the Bank's asserted security interest, she also requested "[a]ll documents evidencing, relating or referring to, or concerning any policy or procedure, written or otherwise published, regarding BAC's drafting, verifying and filing of proofs of claims in bankruptcy cases." (Bankr. Doc. 34-1 at 7). On June 30, 2011, Appellant submitted a motion to the Bankruptcy Court to quash the subpoena, arguing that the U.S. Trustee is not a "party in interest" entitled to object to proofs of claim or obtain related discovery. (Bankr. Doc. 34). Appellant also contended in its motion to quash that the U.S. Trustee's request for "[a]ll documents relating . . . [to] the filing of proofs of claims" was overly broad and sought information "irrelevant to the facts of this particular bankruptcy case." (Bankr. Doc. 34 at 10). On November 2, 2011, the Bankruptcy Court denied the Bank's motion to quash.

On November 15, 2011, the Bank filed a motion for leave to appeal the Bankruptcy Court's denial of its motion. (Doc. 1). The Bank has since moved to suspend the briefing

---

[1] Bank of America, N.A. is by merger the successor in interest to the original holder of the claim, BAC Home Loans Servicing, L.P. In this Order the Court will refer to both entities as "the Bank" or "Appellant."

[2] Rule 7030 states that Federal Rule of Civil Procedure 30 "applies in adversary proceedings."

- 2 -

1 schedule until the Court resolves its motion for leave to appeal. (Doc. 6).

## DISCUSSION

### I.     28 U.S.C. § 158(a)(1) – Final Judgments, Orders, and Decrees

Appellant Bank of America first contends that the Court must review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a)(1). Section 158(a)(1) states that district courts have jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy judges. The Ninth Circuit has "developed a 'pragmatic' approach to deciding whether orders in bankruptcy cases are final." *In re City of Desert Hot Springs*, 339 F.3d 782, 788 (9th Cir. 2003). Under this approach, orders are deemed final where they are "so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that [they] should be appealable as of right." *Id*. (quoting *In re Mason*, 709 F.2d 1313, 1317 (9th Cir. 1983)). Discovery orders are generally not sufficiently conclusive to the parties' rights or the ultimate outcome of the case to be deemed final orders. *See, e.g., Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 n.4 (1999) ("[W]e have repeatedly held that a witness subject to a discovery order, but not held in contempt, generally may not appeal the order."). *United States v. Nixon*, 418 U.S. 683, 690–91 (1974) ("An order denying a motion to quash and requiring the production of evidence pursuant to a subpoena *duces tecum* . . . is not final and hence not appealable."). Appellant contends that the Bankruptcy Court's discovery order is final in this case because otherwise "there can be no meaningful appellate review of the Order *ever*." (Doc. 6-1 at 6) (emphasis in original).Whether the order can be reviewed on appeal, however, is not the same as whether the order is conclusive to the parties' rights or the ultimate outcome of the bankruptcy proceeding. Appellant provides no argument that the order is conclusive to its rights or the case's outcome, and the Court does not see how such discovery would terminate Appellant's ability to succeed on its proof of claim against the Debtor. The Bankruptcy Court's order is therefore not appealable as of right.

### II.     28 U.S.C. § 158(a)(3) – Interlocutory Orders and Decrees

Appellant alternatively contends that the Court should grant it leave to appeal under 28 U.S.C. § 158(a)(3). This subsection allows parties to appeal bankruptcy judges' "interlocutory orders and decrees," but leaves to the Court's discretion whether to grant such appeals. 28 U.S.C. § 158(a)(3) (requiring "leave of the court" to appeal most types of interlocutory orders). "To determine whether an interlocutory order may be appealed, courts consider whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *In re Burke*, 95 B.R. 716, 717 (9th Cir. BAP 1989).

In this case, Appellant asks the Court to review two questions of law on appeal: 1) "[w]hether the [U.S. Trustee] has the authority to object to proofs of claims"; and 2) "[w]hether [the] Bankruptcy Court is authorized to order discovery concerning a creditor's internal policies and procedures . . . when such materials are not relevant to any live, disputed issue in that particular bankruptcy case." (Doc. 6-1 at 4–5).

**A.    Whether the U.S. Trustee Has Authority to Object to Proofs of Claims**

Appellant contends that whether the U.S. Trustee may object to proofs of claims is a question of law for which "there is a substantial ground for difference of opinion." *In re Burke*, 95 B.R. at 717. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Appellant contends that the U.S. Trustee is not a "party in interest" under Section 502(a). (Doc. 6-1 at 8–14). The terms "United States Trustee" and "party in interest" are used disjunctively throughout the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 330(a)(1) ("After notice to the parties in interest and the United States Trustee . . . "); *id*. at § 330(a)(2) ("The court may, on its own motion or on the motion of the United States Trustee, . . . or any other party in interest . . . "); *id*. at § 707(b)(1) ("After notice and hearing, the court, on its own motion or on a motion by the United States trustee, trustee . . . or any party in interest . . ."). The Code states, however, that "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding

- 4 -

under this title." 11 U.S.C. § 307. Accordingly, even though "[t]he statute is a mishmash . . . the view that the U.S. Trustee can be a party in interest makes better sense," particularly where "he seeks to protect the rules and procedures of bankruptcy, over which he is the congressionally ordained watchdog." *In re South Beach Securities, Inc.*, 606 F.3d 366, 371 (7th Cir. 2010). *See also In re Columbia Gas Systems Inc.*, 33 F.3d 294, 296 (3d Cir. 1994) ("It is difficult to conceive of a statute that more clearly signifies Congress's intent to confer standing [than § 307]."); *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 317 n.10 (10th Cir. 1994) ("A 'party in interest' includes a creditor, 11 U.S.C.A. § 1109(b), and the U.S. trustee, 11 U.S.C.A. § 307."). By objecting to Appellant's proof of claim, the U.S. Trustee is seeking to protect the bankruptcy procedures from potential abuse and delay.

To be sure, Appellee has only produced one published opinion in which a court has held that the U.S. Trustee is a party in interest in the Section 502 context. *See in re Borrows*, 2011 WL 721842, at *2 (Bankr. W.D. Wash. Feb. 22, 2011) (holding that the U.S. Trustee is a party in interest which can object to creditors proofs of claims because "[t]he failure of these creditors to include complete and accurate documentation causes significant delay in the confirmation of chapter 13 plans"). Nonetheless, Appellant has produced no authority to contradict that court's determination that objections by the U.S. Trustee to proofs of claims are "well within its authority to broadly monitor Chapter 13 proceedings." *Id.* Moreover, courts have unanimously held that the U.S. Trustee can conduct discovery as a party in interest in the closely related, Rule 2004 context.[3] *See, e.g., In re Santiago*, 2011 WL

---

[3] Federal Rule of Bankruptcy Procedure 2004 is the basic discovery tool in bankruptcy cases and states that "[o]n motion of any party in interest, the court may order the examination of any entity." Under Rule 2004, any discovery may be conducted which relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." FED. R. BANKR. P. 2004(b). Rule 2004 discovery differs from Rule 7030 discovery in that Rule 2004 discovery may be conducted prior to the existence of any adversary proceeding. For instance, a party in interest can move for Rule 2004 discovery from a creditor prior to filing an objection to that creditor's proof of claim. Rule 7030, on the other hand—which incorporates the discovery tools in Federal Rule of Civil Procedure 30—is only available in adversary

- 5 -

1257209, at *2–3 (N.D. Ohio. Mar. 31, 2011) ("[T]he Court has no doubts that the Trustee is a 'party in interest' with authority to compel a Rule 2004 examination. Indeed, no court that has considered the question has held otherwise."); *In re Davis*, 452 B.R. 610, 615 (Bankr. E.D. Mich. July 27, 2011) ("[T]he broad statutory grant contained in § 307 of the Bankruptcy Code and the subsequent statements of . . .courts . . . enable the Court to find that the UST has the authority to move for a Fed. R. Bankr. P. 2004 examination."); *In re Youk-See*, 450 B.R. 312, 323 (Bankr. D. Mass. June 16, 2011) ("Without [the authority to conduct discovery] the UST's role as a watchdog would be circumscribed and toothless.").

Appellant does not contend that the U.S. Trustee's "party in interest" status is any different in the Rule 2004 context than it is in the Rule 7030 context. Indeed, Appellant cites to *Bank of America, N.A. v. Landis* ("*Landis I*"), a recent Rule 2004 case, for the proposition that the discovery order in the instant case is appealable. 2011 WL 5117909 (D. Nev. Oct. 27, 2011). In *Landis I,* the district court granted a bank leave to appeal the bankruptcy court's denial of the bank's motion to quash a U.S. Trustee subpoena. *Id*. at *1. Although the court stated in conclusory fashion that the bankruptcy court's order was an "appealable interlocutory order," it did not analyze whether the order involved an issue for which there is a substantial ground for difference of opinion. *Id.* Because of *Landis I*'s lack of jurisdictional analysis, the Court finds it unpersuasive. *In re Gray*, 447 B.R. 524, 529 (E.D. Mich. 2011) ("Most of the cases cited by [appellant] are distinctly unpersuasive. Several engage in no analysis of the jurisdictional issue whatsoever.").

Appellee contends that *In re Eaton*, 130 B.R. 74 (Bankr. S.D. Iowa 1991), which held that the U.S. Trustee does not have standing to object to the confirmation of a plan, shows that she also does not have standing to object to proofs of claims. In *Eaton*, however, the provision at issue was 11 U.S.C. § 1325(b)(1), which states that objections to the confirmation of a plan should be made by either "the [chapter 13] trustee or the holder of an

---

proceedings.

- 6 -

1 allowed unsecured claim." *See* 130 B.R. at 77. In other words, the Trustee lacked power to
2 object to the plan because her "power to do so was expressly limited by other provisions of
3 the Code." *In re Columbia Gas Systems Inc.*, 33 F.3d 294, 299 (3d Cir. 1994). The provision
4 in the instant case, 11 U.S.C. § 502, contains no such limitation.

5         Appellant also cites to *Baron & Budd, P.C. v. Unsecured Asbestos Claimants
6 Committee*—a case in which a district court determined that whether a particular insurer was
7 a "party in interest" was a question of law for which there was substantial ground for
8 difference of opinion. 321 B.R. 147, 157 (D.N.J. 2005). In *Baron*, however, the court
9 reviewed the standing of an insurer, not the standing of the U.S. Trustee. Unlike the U.S.
10 Trustee, an insurer is not covered by Section 307's broad grant of authority to raise
11 objections. *See* 11 U.S.C. § 307 ("The United States trustee may raise and may appear and
12 be heard on any issue in any case or proceeding under this title.").

13         Appellant lastly contends that a substantial ground for difference of opinion is created
14 by the fact that there are no *circuit* court opinions addressing whether the U.S. Trustee is a
15 party in interest in the Rule 2004 or 7030 contexts. However, "a dearth of cases does not
16 constitute substantial ground for difference of opinion," *Couch v. Telescope Inc.*, 611 F.3d
17 629, 634 (9th Cir. 2010) (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (internal
18 quotation marks omitted)), particularly where, as here, there is ample statutory and lower
19 court authority supporting the bankruptcy court's holding.

20         In short, the U.S. Trustee has the authority to object to proofs of claim and there is no
21 substantial ground for difference of opinion on this question. The Court will not, therefore,
22 grant the Bank leave to appeal this issue.

23    **B.**    **Whether the U.S. Trustee has Authority to Conduct Discovery Regarding Creditors' Internal Policies and Procedures Which Are Not Relevant to**
24        **Any Disputed Issue**

25         Appellant also seeks leave to appeal the Bankruptcy Court's determination that the
26 U.S. Trustee can seek discovery of materials concerning Appellant's internal polices. One
27 of the requests in the U.S. Trustee's subpoena was that Appellant provide "[a]ll documents
28 evidencing, relating or referring to, or concerning any policy or procedure . . . regarding

1  [Appellant's] drafting, verifying and filing of proofs of claims in bankruptcy cases." (Bankr.
2  Doc. 34-1 at 7). The court in *Bank of America, N.A. v. Landis* ("*Landis II*") recently
3  determined that the U.S. Trustee could not use Rule 2004 subpoenas to "conduct a
4  nationwide investigation into policies, procedures, and conduct unrelated to the bankruptcy
5  case at hand." 2011 WL 6104495, *7 (D. Nev. Dec. 7, 2011). Appellant contends that, in the
6  instant case, the U.S. Trustee's request for all documents relating to the filing of proofs of
7  claims in all bankruptcy cases would likewise include documents "not connected to the
8  individual bankruptcy case at hand." (Doc. 6-1 at 4). Given that the instant case involves
9  Federal Rule of Civil Procedure 30, the permissible scope of discovery in the this case may
10 differ from that authorized under Rule 2004. *Compare* FED. R. CIV. P. 26(b)(1) ("Parties may
11 obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or
12 defense.") *with* FED. R. BANKR. P. 2004(b) (stating that discovery under Rule 2004 "may
13 relate only to the acts, conduct, or property or to the liabilities and financial condition of the
14 debtor, or to any matter which may affect the administration of the debtor's estate, or to the
15 debtor's right to a discharge"). Nonetheless, the Court finds that there is a substantial ground
16 for difference of opinion as to whether the U.S. Trustee can obtain discovery from Appellant
17 of "any policy or procedure . . . [relating to the] filing of proofs of claims in bankruptcy
18 cases." (Bankr. Doc. 34-1 at 7). The Court further finds that an immediate appeal on this
19 issue may materially advance the ultimate termination of the litigation. *See Baron*, 321 B.R.
20 at 157 ("[C]ourts have tended to make the 'controlling question' requirement the same as the
21 requirement that its determination 'may materially advance the ultimate termination of the
22 litigation.'") (quoting 19 Moore's Federal Practice, § 203.31[3] (Matthew Bender 3d ed.)).
23 The Bank may appeal the Bankruptcy Court's holding regarding the permissible scope of the
24 U.S. Trustee's discovery request.

## CONCLUSION

26 The decision which the Bank seeks leave to appeal is not a "final" judgment, order,
27 or decree. The Bankruptcy Court's determination that the U.S. Trustee is a party in interest

is not a determination for which there is a substantial ground for difference of opinion, and accordingly will not be reviewed by the Court as an interlocutory order. The Court will, however, review the Bankruptcy Court's holding regarding whether the U.S. Trustee has requested documents unrelated to the individual bankruptcy case at hand.

**IT IS HEREBY ORDERED** that Appellant's Motion for Leave to Appeal (Doc. 1) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Appellee's Motion to Suspend Briefing Schedule (Doc. 6) is **denied as moot.**

DATED this 7th day of May, 2012.

G. Murray Snow
United States District Judge